IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00207-01-CR-W-NKL |
| JAMES L. DICAPO, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On July 21, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

*I. BACKGROUND*

On July 21, 2010, Defendant waived indictment and an information was filed charging him with one count of conspiracy to traffic counterfeit goods, in violation of 18 U.S.C. § 371, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(b)(1)(B)(i) and 1956(h). A change-of-plea hearing was held that same day. Defendant was present, represented by retained counsel Ronald Partee. The government was represented by Assistant United States Attorney Jess Michaelsen. The proceedings were recorded and a transcript of the hearing was filed on July 22, 2010 (Doc. No. 5).

*II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a

"magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

2

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 11).

2. On July 21, 2010, Defendant waived indictment and an information was filed charging him with one count of conspiracy to traffic counterfeit goods, in violation of 18 U.S.C. § 371, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(b)(1)(B)(i) and 1956(h).

3. The statutory penalty for the charge of conspiracy to traffic counterfeit goods is not more than five years imprisonment, a fine of up to $250,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 7). The statutory penalty for the charge of conspiracy to commit money laundering is not more than twenty years imprisonment, a fine of up to $500,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 7). I also advised Defendant of the forfeiture allegation (Tr. at 7). Defendant indicated that he understood the potential penalty ranges (Tr. at 7).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 8);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 8-9);

   c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 8-9);

   d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 9);

   e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 9);

   f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 10); and

   g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 10).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 10-11).

6. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 11). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 11). Defendant stated

that he understood (Tr. at 11).

7. Government counsel stated that if this case were to be tried, the government's evidence with regard to Count One would be that from approximately November of 2007 until September 9, 2009, Defendant conspired to traffic in counterfeit goods (Tr. at 13). Specifically, Defendant and others conspired to sell counterfeit goods in the Kansas City, Missouri area including trademark items by Burberry, Chanel, Coach, Dolce & Gabanna, Dooney & Bourke, Ed Hardy, Gucci, Louis Vitton, and Prada (Tr. at 13). Defendant and others sold the products at prices far below the retail value of the genuine goods (Tr. at 13). They received the counterfeit goods from a supplier in Brooklyn, New York via UPS (Tr. at 13). Defendant paid for the counterfeit goods on a cash-on-delivery basis (Tr. at 13). He used the proceeds from the sale of the counterfeit merchandise to purchase money orders, which were then used to purchase additional or new counterfeit goods (Tr. at 13). Between November 20, 2007 and January 12, 2009, Defendant paid approximately $173,032 via cash-on-delivery with money orders for counterfeit goods (Tr. at 13-14).

With regard to Count Two, the underlying conspiracy is the same (Tr. at 14).

8. Defense counsel stated that he had reviewed the government's file and felt comfortable recommending his client plead guilty (Tr. at 12).

9. Defendant was placed under oath (Tr. at 14). Defendant stated he believed the Government had the above-described evidence (Tr. at 14). He stated the recital of facts contained in pages two through eight of the plea agreement was true (Tr. at 14-15).

Specifically with regard to Count One, Defendant stated he was in the Western District of Missouri from November of 2007 through September 9, 2009 (Tr. at 15). He had an agreement with others to violate the law as it applied to trafficking in counterfeit goods (Tr. at 15). At the time

he participated in the agreement, Defendant did so knowingly and intentionally (Tr. at 15). The purpose of the agreement was to make money selling the counterfeit goods (Tr. at 15). Defendant knew his actions were in violation of the law (Tr. at 15). Defendant stated he believed he was guilty of the conduct charged in Count One of the Information (Tr. at 15-16).

With regard to Count Two, Defendant again stated he was within the Western District of Missouri between November of 2007 and September of 2009 (Tr. at 16). He had an agreement with others to conduct financial transactions that affected interstate commerce, knowing that the proceeds involved in the transactions represented proceeds from unlawful activity (i.e., the sale of counterfeit goods) (Tr. at 16). Defendant engaged in these financial transactions in order to conceal the money and to avoid disclosing it was part of the illegal counterfeit distribution described in Count One (Tr. at 17). When Defendant made these transactions, he knew he was doing something wrong yet engaged in the transactions knowingly and intentionally (Tr. at 17). Defendant stated he believed he was guilty of the conduct charged in Count Two of the Information (Tr. at 17).

With regard to the forfeiture allegation, Defendant understood he had to give up any interest he had in the identified items (Tr. at 18).

10. Defendant had reviewed the plea agreement with his attorney and stated he understood the terms of the agreement (Tr. at 18). I also reviewed the terms of the plea agreement with Defendant (Tr. at 18-23, 26).

11. All promises made by the government were contained within the plea agreement (Tr. at 23). No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 23).

12. Defendant was satisfied with Mr. Partee's performance (Tr. at 23). There is nothing

6

Defendant asked Mr. Partee to do that Mr. Partee did not do (Tr. at 23). Likewise, there is nothing Mr. Partee has done that Defendant did not want him to do (Tr. at 23).

13. Defendant is 57 years old (Tr. at 24). He graduated from high school and completed one year of college (Tr. at 24). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 24-25).

14. Defendant tendered a plea of guilty to both counts in the information (Tr. at 25).

## V. ELEMENTS OF THE CHARGED OFFENSES

To sustain a conviction for conspiracy to traffic counterfeit goods, the government must prove that: (1) the defendant agreed with another; (2) to violate the laws of the United States, specifically to traffic in counterfeit goods in violation of 18 U.S.C. § 2320; and (3) at least one overt act was committed in furtherance of the agreement. See United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009). To sustain a conviction for conspiracy to commit money laundering, the government must prove the defendant: (1) engaged in financial transactions that involved proceeds of unlawful activity; (2) the defendant knew that the property involved in the transaction was the proceeds of specified unlawful activity; and (3) the defendant had the intent to promote the carrying on of unlawful activity. United States v. Hudspeth, 525 F.3d 667, 677 (8th Cir. 2008)(quoting United States v. Parker, 364 F.3d 934, 948 (8th Cir. 2004)); United States v. Van Brocklin, 115 F.3d 587, 599 (8th Cir. 1997).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having her plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in the information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offenses charged.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 26, 2010